Sentencing shall proceed as scheduled on September 7 at 9:00 a.m.

## UNITED STATES of America

v.

## Grama K. BHAGAVAN.

### No. 3:94–CR–23.

United States District Court,
N.D. Indiana,
South Bend Division.

Sept. 21, 1995.

Ruth M. Hennage, Ass't U.S. Atty., South Bend, IN, for plaintiff.

Scott L. King, Gary, IN, for defendant.

### *SENTENCING MEMORANDUM*

MILLER, District Judge.

In an earlier order, the court resolved the parties' objections to proposed guideline calculations and determined that Grama Bhagavan's adjusted offense level is 11 and his criminal history category is I, producing a sentencing range of 8 to 14 months. U.S.S.G. § 5A (1988). Under the guidelines in effect in 1988, an offender facing a minimum guideline range of 8 months was eligible for a sentence of imprisonment for at least 8 months or a sentence of at least 4 months' imprisonment followed by at least 4 months of community confinement. U.S.S.G. § 5C1.1(d) (1988). Because home detention was not a permissible alternative to community confinement under the 1988 sentencing guidelines, which have governed all other

issues in this case, home detention is not a permissible alternative in this case. *See United States v. Lykes,* 999 F.2d 1144 (7th Cir.1993); *United States v. Boula,* 997 F.2d 263, 265 (7th Cir.1993).

■ The day before the scheduled sentencing hearing, Mr. Bhagavan moved for a downward departure under U.S.S.G. §§ 5H1.4 and 5K2.13. The motion is without merit. Mr. Bhagavan's physical condition—vertigo and anxiety attacks requiring treatment with Xanax and close monitoring, and daily intake of Vitamin B–12—is neither an "extraordinary physical impairment" that would warrant a downward departure to a range not requiring imprisonment, U.S.S.G. § 5H1.4 (1988), nor indicative of a significantly reduced mental capacity warranting a downward departure "to reflect the extent to which the reduced mental capacity contributed to the commission of the offense," U.S.S.G § 5K2.13 (1988).

The court does not mean to suggest that Mr. Bhagavan's vertigo and anxiety attacks are either imagined or insignificant, but they are neither, alone or in combination, extraordinary within the meaning of U.S.S.G. § 5H1.4 nor contributory within the meaning of U.S.S.G. § 5K2.13. His condition has not kept him from working as an engineer. Only through sheer speculation could the court find any causal connection between his condition in 1987–1991 and his offense. Nothing suggests that his present physical condition is so extraordinary that the Bureau of Prisons cannot meet his medical needs. Mr. Bhagavan is infirm to some extent, but he is not extraordinarily impaired. The court declines to depart.

■ The court believes that this minimum sentence—four months of imprisonment followed by four months of community confinement—is appropriate. Mr. Bhagavan is 57 years old; this is his first criminal conviction. He will owe the government a great deal in taxes, penalties and interest. His felony conviction will suspend his license to practice engineering. Particularly in light of Mr. Bhagavan's medical needs, the court does not believe anything would be accomplished by a greater sentence. In light of Mr. Bhagavan's assets, the court believes that he can pay a fine of $3,000, the minimum fine set forth by U.S.S.G. § 5E4.2(c)(3) (1988), in addition to his tax obligations. Finally, the court believes that the maximum term of supervised release, or three years, is necessary to allow Mr. Bhagavan to secure appropriate employment and embark upon his payments to the Internal Revenue Service.

Accordingly, the court now accepts the defendant's guilty plea and, pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that the defendant, Grama Bhagavan, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 4 months.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, shall comply with the standard conditions of supervised release that have been adopted by this court, and shall comply with the following additional conditions:

(1) the defendant shall reside for four months, to commence immediately following release from imprisonment, in the Bradley House, Michigan City, Indiana, and shall observe the rules of that facility;

(2) the defendant shall not illegally possess a controlled substance (the period drug testing mandated by the Violent Crime Control and Law Enforcement Act of 1994 is suspended because this is not a drug-related offense and this defendant has no current or past history of drug abuse);

(3) the defendant shall not possess a firearm or destructive device;

(4) the defendant shall pay any financial penalty imposed by this judgment that remains unpaid at the commencement of the term of supervised release;

(5) the defendant shall provide the probation officer with access to any requested financial information, and shall not incur

new credit charges or open additional lines of credit without the probation officer's approval unless the defendant is in compliance with the installment payment schedule.

It is further ordered that the defendant shall pay to the United States a special assessment of $50.00, which shall be due immediately, and a fine of $3,000.00, which shall be paid in monthly installments of not less than $75.00, to commence thirty days after the date of this judgment, including any period of incarceration, with the entire amount to be paid before the termination of supervised release.

The court recommends the defendant's placement at a federal medical facility that can provide proper attention to the defendant's medical and dietary needs.

Without objection from the government, the court finds by clear and convincing evidence that the defendant poses no risk of flight or danger to any other person, and accordingly grants him the privilege of voluntary surrender. The defendant shall report to the facility designated by the Bureau of Prisons, as advised by the United States Marshal, not later than 9:00 a.m. on October 23, 1995.